IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JAMES J. CROOK, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | EP-11-CV-238-KC |
| | § | |
| STATE OF TEXAS, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner James J. Crook ("Crook"), proceeding *pro se* and *in forma pauperis,* challenges his state-court convictions for barratry in a petition for a writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 [ECF No. 5]. For the reasons discussed below, the Court concludes that Crook is not entitled to § 2254 relief. The Court will accordingly dismiss Crook's petition. The Court will additionally deny Crook a certificate of appealability.

## BACKGROUND AND PROCEDURAL HISTORY

The facts in his case are not complex. The evidence submitted to the jury showed that Crook, an attorney practicing law in El Paso, Texas, entered into an arrangement with a chiropractor to review automobile accident reports, solicit prospective patients for treatment, and refer the patients to Crook's law office for legal services. After hearing this evidence, the jury found Crook guilty of thirteen counts of barratry and assessed punishment at imprisonment for ten years, probated for seven years, and a $10,000 fine.[1] The Eighth Court of Appeals affirmed Crook's conviction.[2]

---

[1] *State v. Crook*, Cause No. 20010D03480 (383rd Dist. Ct., El Paso County, Tex. Aug. 23, 2002).

[2] *Crook v. State*, No. 08–02–00382–CR, 2005 WL 1539187 (Tex. App.–El Paso June 30, 2005, pet. ref'd).

Crook then filed an application for a state writ of habeas corpus, pursuant to Texas Code of Criminal Procedure Article 11.072,[3] raising ineffective assistance of counsel claims based on allegations that his attorney failed to (1) convey a favorable plea bargain to him, (2) request an accomplice-witness instruction, or (3) secure an investigator to interview the primary witness and others to establish that he did not commit barratry. The trial court entered an order denying habeas corpus relief. The Eighth Court of Appeals affirmed the judgment.[4]

In his instant petition, Crook attacks the trial court's conclusions in his state habeas proceedings and asks the Court to vacate the judgment in his criminal case. Crook concedes he is not in state custody, but claims in his petition that he is still on "probation."[5] Crook asserts the state court erred when it determined, during the state habeas proceedings, that his trial counsel (1) did not fail to convey a favorable plea bargain to Crook, (2) did not provide ineffective assistance when he failed to request an accomplice-witness instruction, and (3) did not fail to investigate and interview witnesses before trial. He also asserts the state court abused its discretion when it did not permit an evidentiary hearing on his state writ application.

In a motion to dismiss [ECF No. 11] pursuant to Rule 2(b) of the Rules Governing

---

[3] For Texas defendants such as Crook, who have been convicted and sentenced to community supervision, collateral review by habeas corpus is governed not by Article 11.07, but by Article 11.072 of the Texas Code of Criminal Procedure. Enacted in 2003, Article 11.072 "establishes the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision." TEX. CODE CRIM. PROC. ANN. art. 11.072, § 1. Applications governed by Article 11.072 are filed with the clerk of the trial court that imposed the sentence of community supervision. See TEX. CODE CRIM. PROC. ANN. art. 11.072, § 2(a). An application filed under Article 11.072 may challenge the legal validity of (1) the conviction for which or order in which community supervision was imposed, or (2) the conditions of community supervision. See id. § 2(b). If the application is denied in whole or part, the applicant's last resort is to appeal under Article 44.02 and Rule 31, Texas Rules of Appellate Procedure. See id. § 8.

[4] *Ex parte Crook*, No. 08-08-00313-CR, 2010 WL 2961580 (Tex. App.–El Paso July 28, 2010, pet. ref'd).

[5] Pet'r's Pet. 1.

Section 2254 Cases,[6] Respondent State of Texas ("Respondent") maintains that "Crook is currently serving seven years of community supervision probation and is in the sole custody of the West Texas Community Supervision Department."[7] Accordingly, it argues that the State is not a proper respondent.

> In this action, the State is not a proper party respondent with regard to Crook's petition because the State does not have custody of Crook pursuant to his convictions. In the instant case, the proper and necessary party respondent is the West Texas Community Supervision Department. . . . [T]he Attorney General does not have the duty or even the authority under Texas law to represent the West Texas Community Supervision Department.[8]

In his response in opposition to the motion to dismiss [ECF No. 14], Crook asserts that he "was discharged from Community Supervision on August 7, 2009."[9] Attached to the response is an order, dated August 7, 2009, discharging Crook from community supervision.[10] Crook argues, therefore, that "the motion to dismiss the State of Texas is not well taken, hence, should not be granted."[11]

## APPLICABLE LAW

"Section 2254(a) permits a federal court to entertain only those applications alleging that a person is in state custody 'in violation of the Constitution or laws or treaties of the United

---

[6] Resp't's Mot. to Dismiss 1 (citing 28 U.S.C. § 2254 PROC. R. 2(b) (West 2011) ("[T]he petition must name as respondent[ ] . . . the officer who has current custody . . . ").

[7] *Id*. at 2.

[8] *Id*. at 3 (citing TEX. GOV'T CODE § 76.006(d) ("The attorney general shall not defend a [community supervision and corrections] department or its employees in cases in which a person under supervision challenges the fact or duration of the supervision.").

[9] Pet'r's Resp. to Mot. to Dismiss 1.

[10] *Id.* at Ex. A.

[11] *Id.* at 1.

States.'"[12] Thus, the federal habeas courts' role in reviewing § 2254 petitions is exceedingly narrow. "Indeed, federal courts do not sit as courts of appeal and error for state court convictions."[13] They must generally defer to state court decisions on the merits[14] and on procedural grounds.[15] They may not grant relief to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present.[16] Accordingly, a federal court should deny a claim decided by a state court on the merits unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[17]

## ANALYSIS

The "proper respondent" for a habeas corpus proceeding is the officer with immediate control over the petitioner.[18] In this case, the State of Texas does not have immediate control over Crook, and it is not a proper respondent. The failure to name the proper respondent,

---

[12] *Cullen v. Pinholster,* -- U.S. --, --, 131 S.Ct. 1388, 1398 (2011) (quoting 28 U.S.C. § 2254(a)).

[13] *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

[14] *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

[15] *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991); *Muniz v. Johnson*, 132 F.3d 214, 220 (5th Cir. 1998).

[16] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

[17] 28 U.S.C.A. § 2254(d) (West 2011).

[18] *Rumsfeld v. Padilla*, 542 U.S. 426, 434–435 (2004) (citing *Wales v. Whitney*, 114 U.S. 564, 574 (1885), and *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494–495 (1973)); *see also*, 28 U.S.C. § 2254 PROC. R. 2(a) ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.").

however, is not generally a basis for dismissal of the petition; instead, this is a procedural defect which can be corrected by amendment.[19] In fact, the habeas corpus statutes provide that an application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."[20] When addressing habeas petitions, the Fifth Circuit has made it clear that "a *pro se* plaintiff who has named the wrong defendant should be permitted to amend his pleadings if there is a potential ground for relief."[21]

In this case, however, there is no potential ground for relief. The federal habeas statute gives a district court jurisdiction to entertain a petition for habeas relief from a person who is "*in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States."[22] The Supreme Court interprets this "in custody" requirement to mean that a federal court lacks jurisdiction over a habeas corpus petition unless the petitioner is in custody "under the conviction or sentence under attack at the time his petition is filed."[23] Moreover, "once the sentence imposed for a conviction has completely expired, the collateral consequences of the conviction are not themselves

---

[19] *Flores v. Dretke*, 120 F. App'x 537, 539 (5th Cir. 2005) (per curiam) (unpublished op.) (citing *West v. State of La.*, 478 F.2d 1026, 1029-30 (5th Cir. 1973) ("Failure to name a proper respondent is a procedural rather than jurisdictional defect, and it may be corrected by amendment of the petition."), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir. 1975)).

[20] 28 U.S.C.A. § 2242 (West 2011); *see also*, FED. R. CIV. P. 25(d)(1) (addressing substitution of public officers).

[21] *Antonelli v. Lappin*, 134 F. App'x 700, 701 (5th Cir. 2005)(per curiam) (unpublished op.) (citing *Gallegos v. La.Code of Crim. Proc. Art. 658*, 858 F.2d 1091, 1092 (5th Cir. 1988)).

[22] 28 U.S.C. § 2254(a) (emphasis added).

[23] *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (per curiam); *see also Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989)("Federal district courts do not have jurisdiction to entertain section 2254 actions if, at the time the petition is filed, the petitioner is not "in custody" under the conviction or sentence which the petition attacks.").

sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."[24]

Here, Crook claims and presents evidence that he discharged his sentence on August 7, 2009.[25] He did not, however, file his petition until June 6, 2011.[26] Thus, he was not "in custody" at the time he filed his petition. Consequently, the Court lacks subject matter jurisdiction over this action.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[27] Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted.[28] In other words, a certificate of appealability is granted or denied on an issue-by-issue basis, thereby limiting appellate review solely to those issues on which a certificate of appealability is granted.[29] Although Crook has not yet filed a notice of appeal, this Court must nonetheless address whether he is entitled to a certificate of appealability.[30]

---

[24] *Maleng*, 490 U.S. at 492.

[25] Pet'r's Resp. to Mot. to Dismiss 1 and Ex. A.

[26] Pet'r's Pet.

[27] 28 U.S.C.A. § 2253(c)(1) (West 2011).

[28] *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted).

[29] *See* 28 U.S.C.A. §2253(c)(3) ("The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required[.]"); *see also United States v. Kimler*, 150 F.3d 429, 431, and n.1 (5th Cir. 1998) (explaining it is well established that a circuit judge may address an issue not certified by a district court if the petitioner makes (1) an explicit request, and (2) a substantial showing of the denial of a constitutional right).

[30] *See* 28 U.S.C.A. 2254 PROC. R. 11(a) (West 2011) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[31] In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[32] To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[33] Here, Crook is not entitled to a certificate of appealability because reasonable jurists would not find the Court's procedural or substantive rulings debatable.

## CONCLUSION AND ORDERS

After carefully reviewing the record and for the reasons stated above, the Court concludes that Crook is not entitled to relief under 28 U.S.C. § 2254. Accordingly, the Court will enter the following orders:

1. Respondent's motion to dismiss [ECF No. 11] is **GRANTED** and the State of Texas is **DISMISSED** as a named Respondent.

2. Petitioner James J. Crook's petition for a writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 [ECF No. 5] is **DISMISSED WITH PREJUDICE**.

3. Petitioner James J. Crook is **DENIED** a certificate of appealability.

4. All pending motions, including Petitioner James J. Crook's motion for an

---

[31] 28 U.S.C.A. § 2253(c)(2).

[32] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

[33] *Id*.

evidentiary hearing [ECF No. 12] and motion to conduct discovery [ECF No. 13], are **DENIED AS MOOT**.

    **SO ORDERED**.

    **SIGNED** this 24th day of **August 2011**.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE